IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

IVAN L.. MENDEZ,                    )
                                   )
              Plaintiff,            )
                                   )
v.                                 )   Civ. No. 04-898-JJF
                                   )
U.S. JUSTICE SYSTEM, DELAWARE      )
STATE, ALL OF THIS CRIMINAL        )
ORGANIZATION WORKERS, ALL OF       )
THIS CRIMINAL ORGANIZATION         )
JOINERS (INMATES),and ALL OF       )
THE PEOPLE THAT ALL OF THE DOJ     )
KNOW IT,                           )
                                   )
              Defendants.          )

## MEMORANDUM AND ORDER

Plaintiff Ivan L. Mendez, SBI # 453351, is a pro se litigant
who is presently incarcerated at the Delaware Psychiatric Center
in New Castle, Delaware.  Plaintiff filed this action pursuant to
42 U.S.C. § 1983, and requested leave to proceed in forma
pauperis pursuant to 28 U.S.C. § 1915.

## I.  STANDARD OF REVIEW

Reviewing complaints filed pursuant to 28 U.S.C. § 1915 is a
two step process.  First, the Court must determine whether
Plaintiff is eligible for pauper status.  On August 16, 2004, the
Court granted Plaintiff leave to proceed in forma pauperis,
determined that he had no assets with which to pay the filing fee
and ordered him to file an authorization form within thirty days,

or the case would be dismissed.  Plaintiff filed the required

authorization form on August 24, 2004.  Plaintiff also filed a

second motion for leave to proceed in forma pauperis.  (D.I. 6)

Because the Court has already granted Plaintiff's request for

leave to proceed in forma pauperis, the motion filed on August

24, 2004 shall be denied as moot.

    Once the pauper determination is made, the Court must then

determine whether the action is frivolous, malicious, fails to

state a claim upon which relief may be granted or seeks monetary

relief from a defendant immune from such relief pursuant to 28

U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).[1]  If the Court finds that

Plaintiff's complaint falls under any of the exclusions listed in

the statutes, then the Court must dismiss the complaint.

    When reviewing complaints pursuant to 28 U.S.C. §§

1915(e)(2)(B)-1915A(b)(1), the Court must apply the standard of

review set forth in Fed. R. Civ. P. 12(b)(6).  See Neal v.

Pennsylvania Bd. of Prob. & Parole, No. 96-7923, 1997 WL 338838

(E.D. Pa. June 19, 1997)(applying Rule 12(b)(6) standard as

_____

    [1]  These two statutes work in conjunction.  Section
1915(e)(2)(B) authorizes the court to dismiss an in forma
pauperis complaint at any time, if the Court finds the complaint
is frivolous, malicious, fails to state a claim upon which relief
may be granted or seeks monetary relief from a defendant immune
from such relief.  Section 1915A(a) requires the Court to screen
prisoner complaints seeking redress from governmental entities,
officers or employees before docketing, if feasible and to
dismiss those complaints falling under the categories listed in
§ 1915A(b)(1).

appropriate standard for dismissing claims under § 1915A).  Thus, the Court must "accept as true factual allegations in complaint and all reasonable inferences that can be drawn therefrom." <u>Nami v. Fauver</u>, 82 F.3d 63, 65 (3d Cir. 1996)(citing <u>Holder v. City of Allentown</u>, 987 F.2d 188, 194 (3d Cir. 1993)).  <u>Pro se</u> complaints are held to "less stringent standards than formal pleadings drafted by lawyers" and can only be dismissed for failure to state a claim when "it appears 'beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief.'"  <u>Haines v. Kerner</u>, 404 U.S. 519, 520-521 (1972)(quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 45-46 (1957)).

The United States Supreme Court has held that as used in § 1915(e)(2)(B), the term "frivolous" when applied to a complaint, "embraces not only the inarguable legal conclusion but also the fanciful factual allegation." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989).[2]  Consequently, a claim is frivolous within the meaning of § 1915(e)(2)(B) if it "lacks an arguable basis either in law or in fact." <u>Id</u>.  As discussed below, Plaintiff's complaint has no arguable basis in law or in fact, and shall be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).

---

[2] <u>Neitzke</u> applied § 1915(d) prior to the enactment of the Prisoner Litigation Reform Act of 1995 (PLRA).  Section 1915 (e)(2)(B) is the re-designation of the former § 1915(d) under the PLRA.  Therefore, cases addressing the meaning of frivolous under the prior section remain applicable.  <u>See</u> § 804 of the PLRA, Pub. L. No. 14-134, 110 Stat. 1321 (April 26, 1996).

## II.  DISCUSSION

### A.  The Complaint

Although the complaint is difficult to read, Plaintiff appears to be alleging that the "U.S. Justice System", the State of Delaware, and certain inmates, whom he vaguely identifies as "joiners" are members of a "Criminal Organization."  (D.I. 2 at 3)  Furthermore, Plaintiff appears to be alleging that this "Criminal Organization" has subjected him to "physical, verbal, emotional and psychological abuse."  (Id.)  Plaintiff further alleges the Defendants are going to keep abusing him and "attempting to kill [him] in order to complete their widely spreading plot to kill [him] and get that money."  (Id.)  Plaintiff requests "justice" for all of the many abuses he has suffered.  (Id. at 4)  The Court construes this as a request for compensatory damages.  Plaintiff further requests that if the Defendants are going to keep abusing him, that they "please don't hurt or kill [his] loved ones in case that all this criminal organization workers and joiners got caught again on the video cameras..."  (Id.)

### B.  Analysis

Plaintiff alleges that the "U.S. Justice System" and the State of Delaware along with certain unidentified inmates are members of a "Criminal Organization" which has violated his constitutional rights by subjecting him to abuse, and by

4

participating in a "widely spreading plot to kill [him] and get
that money." (D.I. 2 at 3)  Furthermore, Plaintiff appears to be
alleging that the Defendants have threatened to harm his family.
(Id. at 3-4)  The Supreme Court has defined the term frivolous as
not only the inarguable legal conclusion, but also the fanciful
factual allegation.  Neitzke, 490 U.S. at 325.  A fanciful
factual allegation is one describing scenarios clearly removed
from reality.  Roman v. Jeffes, 904 F.2d 192, 194 (3d Cir.
1990)(citing, Sultenfuss v. Snow, 894 F.2d 1277, 1278 (11th Cir.
1990)).  The Supreme Court further clarified the meaning of a
fanciful factual allegation stating:

> a finding of factual frivolousness is
> appropriate when the facts alleged rise
> to the level of the *irrational or the
> wholly incredible*, whether or not there
> are judicially noticeable facts available
> to contradict them.  Denton v. Hernandez,
> 504 U.S. 25, 33 (1992)*(emphasis added)*.

Consequently, the Court can "pierce the veil of the
complaint's factual allegations" to weigh their credibility.
Id., at 33.  In this instance, Plaintiff has not provided the
Court with any specific information regarding the dates and times
of the alleged "physical, verbal, emotional or psychological"
abuse he has allegedly endured.  Furthermore, Plaintiff alleges
the Defendants are engaged in a "wide spreading plot to kill
[him] to get that money." (D.I. 2 at 3)  Clearly, Plaintiff's
claim that "the U.S. Justice System," the State of Delaware, and

5

unidentified inmates are involved in a plot to kill him rises to the level of the wholly irrational.  Therefore, the Court finds that the complaint is frivolous within the meaning of 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1), and must be dismissed.

NOW THEREFORE, this 3O day of _March_ , 2005, IT IS HEREBY ORDERED that:

1. Plaintiff's second motion to proceed in forma pauperis (D.I. 6) is denied as moot.

2.  Plaintiff's complaint shall be DISMISSED as frivolous pursuant to 28 U.S.C. §§ 1915(e)(2)(B)-1915A(b)(1).


_____
UNITED STATES DISTRICT JUDGE

6